UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Court

STEPHEN REISE PRO SE

VS. CASE NO. 04-0158(ML)

ASHBEL T. WALL et. al.

**RESPONSE TO DEFENDANTS A.T. WALL, JOSEPH MARROCCO, AND MELVIN WHITE'S OBJECTION TO THE PLAINTIFF STEPHEN REISE'S REQUEST FOR AN ORDER TO APPEAL UNDER 28 USCA 1292(b)**

Now comes the defendant Stephen Reise, who claims that there is a clear question of law relating to the rights of pro se litigants. Case law such as **HAINES V. KERNER, 404 US 519, 520, FROST V. SYMINGTON, 197 F3d 348, HARRIS V. OSTOUT 65 F3d 912, ABREU V. US, 796 FSUPP 50,** and a host of other cases state that Pro se inmate litigants must be held to less stringent standards than formal pleadings drafted by lawyers. If my response to summary judgment is refused because I am unable to plead all the issues in the same page amounts of which the defendants have set, then my rights as a pro se are violated and I have not been afforded due process. I can not find one case that a pro se's pleadings have been refused for such a reason and in fact most cases reflect the opposite, thus clear error.

The defendants pleadings were drafted by professional attorneys skilled in heightened pleading, who by Motion made requests of specific page amounts upon filing their Motion for Summary Judgment on January 20 2005, which were granted by this Court. The Court has now forced these same page amounts upon the pro se plaintiff, who is substantially limited and inept in his ability to plead and who has been refused appointment of counsel. By the Court granting specific page amounts to the defendants and now forcing them upon the pro se plaintiff, has in effect allowed the defendants to set the page limitations. Not only has the Court allowed the defendants to set the page limitations, but they have been set based on their ability to plead the issues. Of course the defendants are supportive to the narrowing of my response, it has been in their possession since March 10-15 2005, they are well aware of the evidence

that was presented was damaging to their case and would be highly in favor of reducing it's contents to create a nugatory effect on it's outcome. The defendant Assistant Attorney General Michael field not only wishes to decide the merit of my argument, but further wishes to have the court decide their Motion for Summary Judgment while circumventing my options to appeal a claim of right. The defendants are aware that if I am denied to proceed under 28 USCA 1292(b), it is recognized as appropriate under the All Writs Act and the Collateral Order Doctrine. It should be further noted that throughout the course of this litigation the defendants have never made reference to Double Spacing, as an indigent inmate double spacing would create a financial strain that would oppress the pro se plaintiff through both copy costs and postage. This leads us back to the question: Should the Pro se plaintiff be held to the same strict standards of pleading and be subject to the exact same page pleading standards as professional lawyers ?

Wherefore, because this issue involves a controlling question of law of a claim of a right as a pro se litigant, there is a difference of opinion when controlling precident of case law states my pleadings should be considered librally and be allowed some leeway when forced to represent myself. Immediate appeal from this order will advance the ultimate termination of this litigation.

The plaintiff pray that certification be granted for appeal, or the Court review its decision and allow me to file my response as previously filed, as is, or any further relief the Honorable Court deem acceptable.

Respectfully,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

**CERTIFICATION**

I hereby swear upon penalty of purjury that this documentation was placed in the interdepartmental mailbox, postage pre-paid on this 6th day of JUNE 2005, and sent to the persons below:

JAY ELIAS ESQ
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

MICHAEL FIELD/THOMAS PALQMBO
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN ST.
PROVIDENFCE RI, 02903

ALAN TATE/REBECCA WARR ESQ.
321 SOUTH MAIN ST.
PROVIDENCE, RI, 02903

[signature]
6/6/2005