## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**STEPHEN REISE**

     **v.**                                    **C.A. No. 04 - 158 ML**

**A.T. WALL, et al.**

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Stephen Reise ("Reise" or "plaintiff"), *pro se*, an inmate legally incarcerated at the Rhode Island Department of Corrections ("RIDOC"), Adult Correctional Institutions, filed a complaint and a supplemental complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132. Plaintiff named as defendants current or former employees or officials at the RIDOC. Currently before the Court is defendants A.T. Wall, Joseph Marocco, and Melvin White's (collectively "state defendants") motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). Plaintiff did not file an opposition thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the state defendants' motion for summary judgment be granted.

### Undisputed Facts

In 1996, prior to Reise's incarceration, the RIDOC adopted a grievance procedure for inmates. See Defendants A.T. Wall, Joseph Marocco and Melvin White's Exhibit, Rhode Island Department of Corrections Policy and Procedure, Policy Number 13.10, p. 1-12 (hereinafter referred to as "grievance policy"). According to the grievance policy, "[a]ll inmates ... are eligible to file grievances" regarding any aspect of prison life. Id. at 2. The grievance policy provides an avenue for

inmates to challenge, *inter alia*, the interpretation and application of the RIDOC's policies, rules, and procedures, individual employee actions, property loss or damage, and any other matter relating to privileges, programs, and/or services, conditions of care or supervision, and living facility conditions. Id. at 3.

The grievance policy provides for a three tier review. First, an inmate must seek resolution at the lowest chain of command. Id. at 5-9. Second, if the issue is not resolved, the inmate may submit a grievance to the warden of the facility where the inmate resides. Id. Finally, if the issue is not adequately addressed to the inmate's satisfaction, the inmate may appeal to the Director of the RIDOC, here defendant Wall. Id. The grievance policy provides for the following remedies: (1) restitution or monetary compensation, (2) change of facility policies, (3) correction of inmate records, and (4) any other remedy, as appropriate. Id. at 12.

It is undisputed that the plaintiff never exhausted the three tier grievance procedure with respect to any of his claims asserted in the complaint and the supplemental complaint. See Defendants A.T. Wall, Joseph Marocco, and Melvin White's Exhibit, Affidavit of Director A.T. Wall, p. 62; Affidavit of Capt. Amaral Affidavit, p. 67; and Affidavit of Lt. Patrick Flynn, p. 68. Indeed, the plaintiff has never properly filed any grievance during his incarceration. Id.

**Discussion**

**A. Summary Judgment Standard**

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

2

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Here, plaintiff has brought suit alleging a variety of federal claims against the state defendants. The state defendants contend, however, that they are entitled to summary judgment because the plaintiff has failed to comply with the Prison Litigation Reform Act. I agree.

## B. Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997(e) to provide that,

[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted.

42 U.S.C. § 1997(e).

Section 1997(e) requires an inmate to exhaust all available administrative processes before filing a federal lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001)("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."). Moreover, Section 1997(e) incorporates not just conditions generally affecting inmate population, but also discrete incidents affecting only a single individual. "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion under § 1997(e) is an affirmative defense. Casanova v. Dubois, 304 F.3d 75, 77 (1st Cir. 2002).

Here, it is undisputed that the RIDOC has a grievance policy in place and is available to

Reise. It is also undisputed that Reise failed to pursue any of his asserted claims through the RIDOC's grievance policy prior to filing the instant lawsuit. This, Reise cannot do. The plain language of § 1997(e) requires Riese to exhaust the prison's grievance procedures as a precondition to his federal claims asserted in this instant lawsuit. See 42 U.S.C. § 1997(e). Indeed, the United States Supreme Court has held that the exhaustion requirement applies to all inmate suits about prison life. See Porter, 534 U.S. at 532.

Since the undisputed demonstrate that the plaintiff failed to exhaust his administrative remedies on any of his claims, I recommend that the state defendants' motion for summary judgment be granted on all of plaintiff's claims.

## Conclusion

For the reasons set forth above, I recommend that Wall, Marocco, and White's motion for summary judgment be granted on all of plaintiff's claims. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 13, 2005

4