## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**STEPHEN REISE**

**v.**                                                    **C.A. No. 04 - 158 ML**

**A.T. WALL, et al.**

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

On May 3, 2004, plaintiff Stephen Reise, *pro se*, an inmate at the Rhode Island Department of Corrections ("RIDOC") filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Mel White, Joseph Marocco, and A.T. Wall (collectively "state defendants"), officials or employees at the RIDOC. Additionally, plaintiff named as defendants Dr. Scott Allen and Dr. Baruh Motola, physicians at the RIDOC.

On September 27, 2004, this writer issued a pretrial order, delineating deadlines for discovery and for the filing of motions. That order was amended numerous times, at both the plaintiff's and the defendants' requests. Ultimately, dispositive motions were due on or before January 21, 2005. All of the defendants timely filed motions for summary judgment. Plaintiff did not. The plaintiff timely objected to Dr. Motola's motion for summary judgment, but filed an untimely objection to Dr. Allen's motion. The Court nonetheless accepted for filing plaintiff's out-of-time- objection to Dr. Allen's summary judgment motion. Plaintiff, however, never filed an objection to the state defendants' motion for summary judgment.

After countless motions continued to be filed in this case beyond the deadline set by the Court, this writer issued an order prohibiting the filing of any further motions without leave of the

1

Court. See Order of February 1, 2005.

On March 10, 2005, plaintiff sought leave to file a motion for an extension of time to file a response to the state defendants' motion for summary judgment. Despite the fact that time to file an objection had long passed, the Court nonetheless granted the motion and permitted the plaintiff until March 15, 2005 to file his response. In the order, the Court warned that no further extension will be allowed. Plaintiff attempted to comply by filing a "Counter Motion for Summary Judgment and Response," but ran afoul of Amended General Order 2002-01 (setting page limits) and the Order of February 1, 2005 (prohibiting further motions from being filed). The document was ordered returned to the plaintiff.

On March 23, 2005, plaintiff sought leave to file a motion to exceed page limits in an opposition to the state defendants' summary judgment motion and for leave to file the opposition in duplicate (as opposed to triplicate). On April 14, 2005, this writer issued an order and (1) granted the motion for leave to file a motion to exceed page limits; (2) granted plaintiff's motion to exceed page limits, setting his memorandum at 35 pages and his appendices at 70 pages; (3) granted the plaintiff's motion to file his objection in duplicate and (4) *sua sponte* permitted the plaintiff to file his objection out- of- time, on or before April 25, 2005. Again, the Court warned that no further extensions would be permitted.

On April 21, 2005, plaintiff attempted to file with the Court a "Counter Motion for Summary Judgment and Response" to the state defendants' motion for summary judgment. The Court, however, ordered the filing returned due to plaintiff's failure to comply with the page limitations set by the Court in its April 14, 2005 Order (plaintiff attempted to file a memorandum consisting of 42 single spaced pages and an appendix consisting of 115 pages). Moreover, the filing violated

this Court's February 1, 2005 order which prohibited further motions from being filed without leave. Plaintiff appealed this ruling to U.S. District Judge Lisi.  Judge Lisi denied plaintiff's appeal.

Now, on the eve of the resolution of the state defendants' motion for summary judgment, plaintiff has moved for leave to file a "Counter Motion for Summary Judgment and Response" to the state defendants' motion. Plaintiff also seeks to exceed the page limits in his counter motion/ response.  In support of the motion for leave, plaintiff avers that he is *pro se* and unfamiliar with "heightened pleading."

This Court is well aware of plaintiff's *pro se* status and the Court's obligation under Haines v. Kerner, 404 U.S. 519, 520 (1972), to construe *pro se* pleadings liberally.  I reject plaintiff's characterization that this Court requires "heightened pleading." This Court has been extremely lenient with the plaintiff, continuously construing plaintiff's submissions liberally and affording the plaintiff numerous extensions of time. The Court, however, can only go so far.

On March 14, 2005, this Court permitted the plaintiff an extension of time and warned that no further extensions would be permitted. Then, on April 14, 2005, this Court again extended the time and again warned the plaintiff that no further extensions would be permitted. Now, plaintiff seeks leave again, to file a Counter Motion and Response out-of-time, with no explanation as to why he has continuously failed to comply with this Court's directives, other than blaming the Court for his own shortfalls. Without an adequate explanation, this Court is hard-pressed to find any basis to permit leave to file the motion and objection, and extend time again.

Accordingly, plaintiff's motion for leave of Court to file a Counter Motion and Response is

**DENIED.**


**IT IS SO ORDERED**.

Jacob Hagopian
Senior United States Magistrate Judge
June 13, 2005

4