UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND Court Copy

STEPHEN REISE PRO SE

V. CASE NO. 04-0158(ML)

A.T. WALL, et. al.

**OBJECTION TO MAGISTRATES MEMORANDUM AND ORDER OF JUNE 13 2005 OF A DENIAL OF THE PLAINIFFS MOTION FOR LEAVE OF COURT TO FILE A COUNTER MOTION AND RESPONSE**

Now comes the plaintiff, Stephen Reise, who objects to many aspects of the Magistrate's Report and Recommendation. The Court has stated that an untimely objection to Dr. Allens Motion for Summary Judgment was made by the plaintiff. I disagree, Dr. Allens motion for summary judgment seem to be filed on January 21 2005. However, until Dr. Allen supplied some type of Memorandum and raised an argument there was basically nothing to oppose. On January 27 2005, Allen did file a "Memorandum of Law in Support of Summary Judgment" and the Plaintiff made a timely response on February 10 2005 and should be considered timely filed.

On March 10 2005, Plaintiff filed his fourty two page response entitled "Countermotion for Summary Judgment and response to defendants A.T. Wall, Joseph Marocco and Melvin Whites Motion for summary Judgment". Although it did not say objection or opposition in the caption as defendants Motola and Allen's response, it was intended to serve the purpose of an objection as each issue in the defendants summary judgment was addressed, (As stated in the plaintiffs request for review under Rule 72(a), DENIED). Plaintiff filed for an extension of time to file this response on February 17 2005, which seem to have gone unanswered. March 3 2005 a second Motion for leave to file and Extension of Time to respond was filed. Because the deadline to file from my first request of a twenty one day extension filed on February 17 2005 would end on March 10 2005, which was apparently answered unbeknownst to me, but only evident to me through the Attorney Generals

March 7 2005 response to my extension of time which "the 21 day extension of time that Reise seeks will expire on March 10 2005", thus the plaintiff without receiving any response to both extension motions scrambled to meet the March 10 2005 deadline.

The Courts response to my second request for an extension of which my filing date is March 3 2005 was granted on March 14 2004 extending the date to March 15 2005. One can easily see that by the dates above I could have never received the granting of this motion in time to provide any beneficial relief, when it was served by mail.

In order to defend myself in the filing of my many requests for extensions of time I point to the fact that I am filing pro se, which is not by my own choice. Furthermore, as an incarcerated inmate I have suffered several interferences such as breakdowns of the copy machine for weeks at a time, despite the attorney generals office vouched that the copy machine was never out of service more than a couple of days at a time. I've suffered several unscheduled closings of the law library on weekends, despite the attorney generals office has supplied affidavits the law library is open seven days a week. I have been subject to unposted lockdowns that prevents use of the law library. These extensions are often a pre-emptive measure due to the total uncertainty of prison life.

The plaintiffs pleading of his caption referred to the response of summary judgment as a countermotion, Requiring it to file for leave of Court to be submitted was an oversight of the plaintiff, Thus, the court returned my March 10 2005 countermotion and response to the defendants motion for summary judgment because it exceeded the page limitations and because I did not file for leave of court because the caption reflected it as a countermotion.

The plaintiff filed the response a second time on April 18 2005 with a "Motion for leave to file instanter and exceed the page limitations, in which my response was returned to me a second time and no response to the enclosed motion.

Plaintiff was precluded from filing any response by this court over seven pages of memorandum seemed to be an abuse of discretion and the plaintiff sought appropriate review and was denied, and has now filed for an appeal. On May 2 2005, plaintiff sought to remedy the second part of the problem of the countermotion that was the second basis of refusal because I did not file for leave of court, separate from the exceeding the page limit issue which has now been denied. This Motion was filed on May 2 2005 and was not ruled on until June 13 2005 which the Court calls or refers to as "the eve of resolution" of the states defendants motion for summary judgment.

This court can not say that the plaintiff has not been diligent in trying to answer this summary judgment in a timely manner as it has been submitted on two separate occasions and on the second occasion sought to remedy the problem by motion that was completely overlooked. The Court has created the effect that because I feel my response should not have been refused for exceeding the page limits and that as a pro se litigant I feel I am entitled to some leeway and have appealed the issue, that the Court is acting arbitrarily and capriciously. However, it is this court that has insisted it was due to my lack of diligence or "shortcomings" of which I strongly disagree. The Plaintiffs first filing was timely filed on March 10 2005, the plaintiffs second filing, while seeking to remedy the page limitation problem by motion was also filed timely, which was well before the April 25 2005 date set in the April 14 2005 order. This Court has pointed to the allowance of extensions that were often not even used and "out of time" responses, that were due to the refusals to accept such responses by the court itself. The pro se plaintiff has taken what I believe to be appropriate steps to remedy the problems for which they were refused and taken steps to challenge decisions such as the page limitations through motions for review under Rule 72(a) and now interlocutory appeal.

The plaintiff as a pro se did not understand why I had to file for leave of court to submit a response to summary judgment. Only until it dawned on me that the caption read countermotion did I realize it was susceptible to the February 1 2005

order stating I must request leave of Court to file any further motions. Although my pleading caption of my refused response did not contain the word "OBJECTION", that was its intention and a liberal interpretation of the response would reflect that it objected to several aspects of the defendants allegations in their summary judgment. "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts the court may intuit the correct cause of action even if imperfectly pled" **AHMED V. ROSENBLATT,** 118 **F3d 886,890 (1st Cir.)**

In conclusion I am still not in line with the Courts decision and feel that I have a claimed right to not be held to the page limitations basically set by the defendants themselves, and set on their ability to plead the issues and will adamantly seek appeal. The Plaintiff has been diligent on attempting to file a response on two occasions and remedy the reason the Court refused them.

The fact that the court returned my responses without the enclosed motion filed with it, (Motion to file instanter and exceed the page limitations.....), led me to believe that the court was considering the motions, however not only were they not returned they were never answered. The leniency of a pro se goes beyond, and is not measured by, the granting of extensions of time, as skilled attorneys are often afforded extensions of time at will. As an incarcerated Inmate I am often forced to file extensions as pre- emptive measures due to the uncertainty of prison life.

Wherefore, the plaintiff has provided an explanation to this court and contests he has not continously failed to comply with this courts directives. Plaintiff firmly believes he is within his rights and this courts practice of refusing documents for reasons that are disputable matters, and then calling them untimely filed while the plaintiff seeks review, and subjects them to wither upon the vine before they can be adjudicated seems inappropriate and unfair.

Here the Court seems to think I am attempting to file a separate response which is not the case. This Court refused my previous two filings of my response for two reasons; **First**, was the page limitations of which I am obviously not in line with, and am seeking appeal. Second, was because I did not request leave of Court to submit my response.

While the plaintiff sought to remedy the page limitations problem the Court refused to rule on or answer my "Motion for leave to file Instanter and exceed the page limits". The court has gone on to circumvent my option to appeal this issue by ruling on summary judgment before this matter is fully adjudicated, possibly in violation of my First Amendment to petition the government for a redress of grievances and the due process of the Fourteenth Amendment.

The request to file for "Leave of Court to file a counter motion and response" was filed May 2 2005 with the plaintiffs "Request for review under 72 (a)" motion to appeal to a distict court judge to review the page limitation problem on May 2 2005. Had the district court Judge GRANTED my motion and allowed the filing of my fourty two (42) page response, solving the first problem concerning the page limitations, my "Motion for leave", (the second reason my response was refused), would have been on its way to being resolved.

This Court has refused to respond or acknowledge my attempts to correct my imperfectly pled motions, refused to allow me the time to dispute issues such as a claim of right, before proceeding to move right on to a summary judgment ruling.

Wherefore, the plaintiff will seek appeal and await a ruling from the First Circuit and instructions from that Court. The Plaintiff prays that this Memorandum and Order and this objection be reviewed by a District Court Judge.

Respectfully,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

CERTIFICATION

I hereby swear upon penalty of perjury that this is a true copy of this documentation was placed in the interdepartmental mailbox, postage pre-paid on this ~~23~~ day of June ,2005, and mailed to the persons below; 24

JAY ELIAS ESQ.
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

MICHAEL FIELD
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

ALAN TATE ESQ.
321 SOUTH MAIN STREET
PROVIDENCE, RI, 02903