**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**Stephen Reise**

**vs.** **C.A. No. 04-158 (ML)**

**Ashbel T. Wall, Joseph Marocco,**
**Scott Allen, Baruh Motola,**
**Mel White, sued in their individual**
**and official capacities**

**DEFENDANT, BARUH MOTOLA, M.D.'s OBJECTION TO PLAINTIFF'S "OBJECTION TO REPORT AND RECOMMENDATION GRANTING MOTIONOF SUMMARY JUDGMENT TO DEFENDANT BARUH MOTOLA"**

Now comes Defendant, Baruh Motola, M.D., and hereby objects to plaintiff's "Objection to Report and Recommendation Granting Motion of Summary Judgment to Defendant Baruh Motola". A memorandum of law in support hereof is attached.

Defendant, Baruh Motola,
By his attorneys,

Tate & Associates

Alan R. Tate, Esquire #1647
Jeffrey G. Latham, Esquire
321 South Main Street, Suite 300
Providence, RI 02903
(401) 421-7400
Fax (401) 351-3239

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th day of June, 2005, to the following:

Stephen Reise, Pro Se
P.O. Box 8274
Cranston, RI 02920

Michael W. Field, Esquire
Office of Attorney General
150 South Main Street
Providence, RI 02903

Jay M. Elias, Esquire
Ratcliffe, Burke, Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Nancy Daniels

3843.obj-grantsj

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**Stephen Reise**

**vs.** **C.A. No. 04-158 (ML)**

**Ashbel T. Wall, Joseph Marocco,**
**Scott Allen, Baruh Motola,**
**Mel White, sued in their individual**
**and official capacities**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, BARUH MOTOLA, M.D.'s OBJECTION TO PLAINTIFF'S "OBJECTION TO REPORT AND RECOMMENDATION IN GRANTING MOTION OF SUMMARY JUDGMENT TO THE DEFENDANT BARUH MOTOLA".**

On June 2, 2005, in a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B), Magistrate Jacob Hagopian recommends that the Defendant, Baruh Motola, M.D.'s, Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56(c) be granted by this Court. In support of his recommendation, Magistrate Hagopian stated as follows:

> Plaintiff did not meet the burden of proof in order to establish a claim under 42 U.S.C. §1983, as the "conduct complained of must be committed by a "person acting under color of sate law and the conduct must deprive the Plaintiff of a constitutional right or federal statutory right" Citing Gomez v. Toledo, 446 U.S. 635, 640; see also Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations).. While "there is no dispute that Dr. Motola acted under the color of state law..., the undisputed facts demonstrate that no Constitutional provisions were offended" therefore failing to show sufficient evidence for a successful Section 1983 action. In regards to Plaintiff's Eighth Amendment claim, applicable to the states via the Fourteenth Amendment, while the Plaintiff "set forth evidence demonstrating that he has an objectively serious medical need..." satisfying the first prong of the test used to

> determine if there has been "deliberate indifference" to an inmate's medical needs, he did not meet the second prong of the test, the element of culpable mind. Citing Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995); see also Farmer v. Brennan, 511 U.S. 825, 826 (1994). "Plaintiff failed to set forth any evidence whatsoever to demonstrate that Dr. Motola had a culpable mind or reckless disregard to the plaintiff's needs". Plaintiff's claims under the Fifth and Ninth Amendments are also denied as "no evidence, nor any argument has been presented to sustain the claims". Plaintiff's claim regarding the policies and practices at the Department of Corrections is also unfounded as the Plaintiff "fails to demonstrate that Dr. Motola has promulgated the challenged policies or is involved in any way in the adoption of those policies". Finally, the Plaintiff's claim of medical malpractice under Rhode State Law is unfounded without establishing the appropriate standard of care by "presenting competent medical expert testimony". Citing Wilkenson v. Vesey, 295 A.2d 676 (R.I. 1972).

Plaintiff has now filed an Objection to Magistrate's Hagopian's Report and Recommendation essentially rehashing the identical arguments set forth in his "Objection to Defendant Baruh Motola's Request for a Motion for Summary Judgment". These contentions, as well as issues ancillary thereto, have already been addressed by this Court in both Magistrate Hagopian's Report and Recommendation of June 2, 2005 as well as in the countless other motions and objections filed throughout this case or which the Court has rendered decisions. The Plaintiff has not produced any new evidence or argument based on which this Court could or should reasonably reject Magistrate Hagopian's Report and Recommendation.

Plaintiff alleges medical negligence by the Defendant, Dr. Motola, based on failure to order follow-up care, which in turn allegedly led to a delay in procuring replacement parts for his CPAP machine. In order to prove medical malpractice has been committed the Plaintiff must first establish the applicable standard of care, demonstrate that said standard of care was breached by the Defendant and further prove

that he suffered injuries as a proximate result of the negligence. "Expert testimony is needed to establish the degree of 'care, skill and diligence' used by similarly situated health care providers in the same general practice". Boccasile v. Cajun Music Ltd., 694 A. 2d 686, 689 (R.I. 1997) (quoting Leonard v. Providence Hospital, 590 So.2d 906, 908 (Ala. 1991). In the absence of requisite expert testimony, the Plaintiff will be unable to sustain his burden of proof. Sheeley v. Ryder, 710 A.2d 161, 167 [RI 1998]. Mr. Reise has yet to identify a single expert medical witness willing to support his claims, and this Court has previously ruled that it will not provide the Plaintiff with such an expert. Absent expert opinion, the Plaintiff's claims will, of necessity, fail. Young v. Park, 417 a. 201 889, 893 (R.I. 1980).

Relying on Fed. R. Civ. P. 56., "it is well settled that Summary Judgment can be granted only where there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. In determining where the conditions have been met, the Court must view the record in light most favorable to the party opposing the Motion, indulging all inferences favorable to that party". Gonsalves v. Alpine Country Club, 563 F. Supp. 1283, 1285 [DRI 1983] affirmed 727 F.2d 27, 29 [First Cir. 1984]. In considering the record in a light most favorable to Mr. Reise, Magistrate Hagopian has determined that there are no issues of material fact making a trial necessary. Moreover, discovery has closed at this time and, as such, Plaintiff is no longer allowed to name experts to testify on his behalf. Without competent expert opinion, there is simply no legal basis upon which Plaintiff can succeed in proving negligence against Defendant Motola.

WHEREFORE, Defendant Motola prays that the Court deny1:03 PM1:08 PM Plaintiff's Objection to Magistrate Hagopian's Report and Recommendation to Grant Defendant Baruh Motola's Motion for Summary Judgment and allow the

recommendation by Magistrate Hagopian to stand.

Defendant, Baruh Motola,
By his attorneys,

Tate & Associates

Alan R. Tate, Esquire #1647
321 South Main Street, Suite 300
Providence, RI 02903
(401) 421-7400
Fax (401) 351-3239

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29th day of June, 2005, to the following:

Stephen Reise, Pro Se
P.O. Box 8274
Cranston, RI 02920

Michael W. Field, Esquire
Office of Attorney General
150 South Main Street
Providence, RI 02903

Jay M. Elias, Esquire
Ratcliffe, Burke, Harten & Elias
1600 Financial Plaza
Providence, RI 02903

3843.memo-obj-grantsj