**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**STEPHEN REISE**
**Plaintiff**

**v.** **U.S.D.C. No. 04-158ML**

**ASHBEL T. WALL, JOSEPH MAROCCO SCOTT ALLEN, BARUH MATOLA, MEL WHITE, sued in their individual and official capacities**
**Defendants**

**DEFENDANTS' WALL, MAROCCO, AND WHITE'S OBJECTION TO PLAINTIFF'S "OBJECTION TO MAGISTRATE JUDGE HAGOPIAN'S MEMORANDUM AND ORDER OF JUNE 13, 2005**

Now comes Defendants A.T. Wall, Joseph Marocco, and Melvin White and objects to Plaintiff's Objection to Magistrate Judge Hagopian's Memorandum and Order of June 13, 2005. A memorandum of law is attached.

Respectfully Submitted,
Defendants, A.T. Wall, Joseph Marocco,
And Melvin White

By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field #5809
Special Assistant Attorney General
Thomas A. Palombo
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 x 2380
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, first-class mail, postage pre-paid, on this 8 day of July, 2005 to those indicated below:

Stephen Reise
Post Office Box 8274
Cranston, RI 02920

Jay Elias, Esquire
Ratcliffe, Burke, Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Alan Tate, Esquire
Rebecca Warr, Esquire
Tate and Associates
321 South Main Street
Providence, Rhode Island 02903

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**STEPHEN REISE**
**Plaintiff**

**v.** **U.S.D.C. No. 04-158ML**

**ASHBEL T. WALL, JOSEPH MAROCCO SCOTT ALLEN, BARUH MATOLA, MEL WHITE, sued in their individual and official capacities**
**Defendants**

**DEFENDANTS' WALL, MAROCCO, AND WHITE'S MEMORANDUM OF LAW OBJECTING TO PLAINTIFF'S "OBJECTION TO MAGISTRATE JUDGE HAGOPIAN'S MEMORANDUM AND ORDER OF JUNE 13, 2005"**

Now comes A.T. Wall, Joseph Marocco, and Melvin White (hereafter "Defendants") and responds to Plaintiff Reise's "Objection to Magistrate[']s Memorandum and Order of June 13, 2005." The travel leading to Magistrate Judge Hagopian's June 13, 2005 Memorandum and Order, as well as Plaintiff's instant Objection, is laborious, but pertinent.[1]

On January 20, 2005, Defendants filed their Motion for Summary Judgment. Prior to the submission of Defendants' Memorandum in Support of Summary Judgment, Defendants moved, and this Honorable Court granted, Defendants' motion to file a memorandum in excess of Amended General Order 2002-01, specifically 35 pages and 70 exhibit pages. Defendants timely filed their Motion for Summary Judgment on January 20, 2005. Reise did not timely respond to Defendants' Motion for Summary Judgment. Rather, on or about February 17, 2005, Reise filed a Motion For an Extension of Time to Respond To Defendants' Motion for Summary Judgment, wherein Reise

[1] The June 13, 2005 Memorandum and Order did not pertain to Defendants Allen or Motola, therefore, the travel related to Defendants Allen or Motola will be omitted.

prayed that this Honorable Court "grant a twenty-one (21) day extension of time in which to answer the [Defendants'] motion for summary judgment." Accordingly, Reise sought an extension to March 10, 2005. Reise did not file his response on March 10, 2005, however; but instead, on March 3, 2005, Reise filed a second motion to extend time, this time seeking until March 15, 2005. Magistrate Judge Hagopian granted Reise's second Motion with the express notation that "No Further Extension" would be granted. See Docket Entry # 288.

Thereafter, on or about March 14, 2005, Reise did file a document purporting to both oppose the Defendants' Motion for Summary Judgment, as well as moving for Summary Judgment against Defendants. Reise's Motion for Summary Judgment against Defendants plainly violated Magistrate Judge Hagopian's February 1, 2005 Order requiring that all parties seek leave of court prior to filing any motions, as Reise candidly admits in his instant objection. See Reise's Objection to June 13, 2005 Memorandum and Order, page 2 ("The plaintiffs pleading of his caption referred to the response of summary judgment as a countermotion, [r]equiring it to file for leave of court to be submitted was an oversight of the plaintiff."). Notwithstanding his admitted non-compliance with Magistrate Judge Hagopian's February 1, 2005 Order, Reise's March 14, 2005 filing also violated Amended General Order 2002-01 by filing a forty-two (42) page memorandum – which was 1.5 spaced – and eighty-nine (89) exhibit pages. By Order dated March 15, 2005, Reise's March 14, 2005 filing was returned for violation of Amended General Order 2002-01 and Magistrate Judge Hagopian's February 1, 2005 Order.

Thereafter, on or about March 31, 2005, Reise filed for leave to file his motion in excess of the limitations set forth in Amended General Order 2002-01, specifically, forty-two (42) pages and eight-nine (89) exhibit pages. On April 14, 2005, Magistrate Judge Hagopian granted Reise's motion, stating that "Plaintiff's memorandum shall not exceed 35 pages and his exhibits shall not exceed 70 pages." See Docket Entry # 297 (Exhibit 1). Furthermore, Magistrate Judge Hagopian, sua sponte, permitted Reise to file a memorandum in opposition to Defendants' Motion for Summary Judgment by April 25, 2005. Again, Magistrate Judge Hagopian's Order stated that "No further extensions will be permitted." See Docket Entry # 297 (Exhibit 1).

Reise was not content with Magistrate Judge Hagopian's Order allowing him to file a 35 page memorandum and 70 exhibit pages, and consequently, on April 18, 2005, Reise filed a motion seeking leave to exceed the 35 page/70 exhibit page limitations set forth in Magistrate Judge Hagopian's April 14, 2005 Order by seven (7) pages and nineteen (19) exhibit pages; thus cumulatively seeking to file the same 42 page memorandum and the same 89 exhibit pages that Reise originally sought to file. See Exhibit 2. Subsequently, on or about April 21, 2005, and despite Magistrate Judge Hagopian's April 14, 2005 Order – and without receiving permission as requested in his April 18, 2005 motion to exceed the 35 page/70 exhibit page limitations – Reise apparently re-filed his 42 page memorandum and the 89 exhibit pages.[2] By Order dated April 26, 2005, Magistrate Judge Hagopian ordered Reise's filing returned for failure to comply with his April 14, 2005 Order, which limited Reise's response to 35 pages and 70 exhibit pages. See Exhibit 3. Magistrate Judge Hagopian's Order admonished that

[2] Upon review of the voluminous file, it does not appear that Defendants received a copy of this filing.

"Plaintiff must abide by the Rules and Orders of this Court, just as any other litigant." See Exhibit 3. Reise filed an Objection to the April 26, 2005 Order wherein he requested that he be allowed to file his document opposing/counter moving for summary judgment and praying that he "not be subject to the page limitations set in Magistrate Hagopian's April 14, 2005 Order." See Reise's Objection to Magistrate Judge Hagopian's April 26, 2005 Order, page 5. On May 10, 2005, Judge Lisi denied Reise's Objection. See Docket Entry # 302 (Exhibit 4). Presently, Reise has petitioned the First Circuit Court of Appeals to grant a writ of certiorari to review this Honorable Court's April 26, 2005 and May 10, 2005 Orders.[3]

Undeterred, on or about May 2, 2005, Reise filed a "Motion for Leave to File 'Counter Motion for Summary Judgment and Response to Defendant A.T. Wall, Joseph Marocco, and Melvin White's Motion for Summary Judgment." Reise's May 2, 2005 Motion sought leave to file a counter motion in support of summary judgment and to once again exceed the page limitations imposed pursuant to Magistrate Judge Hagopian's April 14, 2005 Order, i.e., 35 pages and 70 exhibit pages. Finding that Reise had sought leave with "no explanation as to why he has continuously failed to comply with this Court's directives, other than blaming the Court for his own shortfalls," on June 13, 2005, Magistrate Judge Hagopian denied the motion to further extend time to respond, and, in a separate Report and Recommendation, recommended that Defendants' Motion for

---

[3] Reise's petition actually requests review of a May 5, 2005 Order. Upon review, the undersigned is unable to find a May 5, 2005 Order. Reise's Petition to the First Circuit, however, makes clear that he seeks review of "an order entered on April 26, 2005, by a Magistrate of the District Court of Rhode Island, which was timely appealed and denied by a District Court Justice on May 5, 2005." It appears that Reise is referring to the instant May 10, 2005 denial. A July 6, 2005 Order from the First Circuit Court of Appeals directed Reise to show cause why the appeal should not be dismissed as interlocutory. This Order referenced a May 10, 2005 Order that Reise seeks review.

Summary Judgment be granted. It is Magistrate Judge Hagopian's June 13, 2005 denial to which Reise has filed the instant Objection.

**ARGUMENT**

Reise's objection to Magistrate Judge Hagopian's June 13, 2005 Memorandum and Order should be denied for two reasons. First, the merits of this issue have already been reviewed by Judge Lisi and Reise's Objection denied. Specifically, by Memorandum and Order dated April 26, 2005, Magistrate Judge Hagopian ordered Reise's filing returned for: (1) violation of this Court's April 14, 2005 Order limiting Reise's response to 35 pages and 70 exhibit pages – Reise's 1.5 spaced memorandum was 42 pages – and (2) for violation of this Court's February 1, 2005 Order requiring all parties to seek leave of Court prior to filing any motions. See Exhibit 3. Reise appealed Magistrate Judge Hagopian's April 26, 2005 Memorandum and Order to Judge Lisi wherein he prayed that his 42 page memorandum "be accepted as is" and that he "not be subject to the page limitations set in Magistrate [Judge] Hagopian's April 14, 2005 Order." On May 10, 2005, Judge Lisi denied Reise's Objection. See Docket Entry # 302. See Exhibit 4.

Now, although admittedly a separate Memorandum and Order – this one dated June 13, 2005 – Reise appeals Magistrate Judge Hagopian's decision not to grant a third extension of time to file his opposing/counter motion for summary judgment, as well as the decision not to exceed the page limitations for his memorandum beyond the 35 pages and 70 exhibit pages already permitted.

By virtue of Judge Lisi's May 10, 2005 denial, see Docket Entry # 302, see Exhibit 4, the issue of Reise's objection to filing only a 35 page memorandum has

already been litigated and decided by this Honorable Court. Since this issue has already been adjudicated, Reise is estopped from relitigating this same issue in this Honorable Court. See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 430 (1st Cir. 2005)("when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"). Accordingly, the determination that Reise cannot file a memorandum in excess of 35 pages and 70 exhibit pages represents the law of this case.

Second, although at times Reise seems to say that he must comply with Court rules and orders, Reise's actions and arguments make clear that he believes he is entitled to special treatment because he is incarcerated and/or proceeding without an attorney. For instance, Reise seems to blame this Honorable Court for the fact that his filing was rejected as he writes that "[he] feel[s] [his] response should not have been refused for exceeding the page limits and that as a pro se litigant [he] feel[s] [he is] entitled to some leeway." See Reise's Objection to June 13, 2005 Memorandum and Order, page 3. Later, in his Objection, Reise argues that he has a "claimed right to not be held to the page limitations," id. at p. 4, and that had this Honorable Court only allowed him to file a 42 page memorandum, the problems/issues he currently faces would "have been on its way to being resolved." Id. at p. 5. Respectfully, Reise simply does not get it.

Defendants, as well as this Honorable Court, have repeatedly recognized that traditionally, as well as in this case, courts have loosened the reins for pro se litigants. See Haines v. Kerner, 404 U.S. 519 (1972). Examples of Haines' application in the instant case have been numerous extensions of time granted to Plaintiff, including Magistrate Judge Hagopian's granting, sua sponte, an extension of time for Reise to file

his opposition memoranda even after Magistrate Judge Hagopian's March 14, 2005 Order that "No further extensions" would be granted. See Docket Entry # 288. Reise has also lost sight that the Court allowed him to file his response to Defendants' Request for Admissions out-of-time, permitted his pleadings (including presumably a 35 page summary judgment opposition memorandum) to be filed despite not being double-spaced, and generally construed his pleadings liberally to effectuate some meaning.

As evidenced by the instant objection, Reise, however, does not seek liberal construction of court rules, but instead, seeks to set the court rules. This is made clear by Reise's conclusion that it is his "claimed right to not be held to the page limitations" and that had this Honorable Court only granted his earlier motions, his current predicament could have been avoided. See Reise's Objection to June 13, 2005 Memorandum and Order, page 4 & 5. It is well established that Reise's pro se status "is not 'a license not to comply with relevant rules of procedural and substantive law.'" Eagle Eye Fishing Corporation v. United States Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). Although Reise, like any party, should be given a meaningful opportunity to litigate his or her case, "[t]he Constitution does not require judges * * * to take up the slack when a party elects to represent himself." Id.

Reise's current situation is the sole result of his belief that he is entitled to do whatever he desires in this Honorable Court, regardless of Court orders to the contrary. Defendants timely filed their motion for summary judgment on January 20, 2005 – nearly six (6) months ago. Since this time, Defendants, and this Honorable Court, have waited for Reise to file his opposition memorandum. In fact, Reise had filed his opposition memorandum and been ordered as far back as April 14, 2005 – three (3) months ago – to

limit his response to 35 pages and 70 exhibit pages. For the past three (3) months, Reise has tussled with this Honorable Court concerning the length of his memorandum and each and every time Reise has been ordered not to file a document exceeding 35 pages/70 exhibit pages. Alas, Reise has not complied with these page limitation orders because of his self-professed right to file a memorandum of whatever length he chooses. The present impasse – this Court ordering a memorandum not to exceed 35 pages and Reise's refusal to submit a memorandum less than 42 pages – has led to the present situation. Having been twice told that no further extensions would be granted and having been ordered at least twice by Magistrate Judge Hagopian and once by Judge Lisi to file a memorandum not in excess of 35 pages and 70 exhibit pages, Reise has presented no evidence or arguments in the instant objection to demonstrate that Magistrate Judge Hagopian erred in denying Reise's latest request for an extension of time and page limitations.

## CONCLUSION

For the reasons discussed, Defendants respectfully submit that the instant situation represents a showdown between Reise and this Honorable Court concerning who ultimately controls the course of this litigation. Having fought the law once and lost to find himself lawfully incarcerated, Defendants respectfully submit that Reise's latest legal tussle should meet the same end. Defendants pray that Reise's Objection be Denied.

Respectfully Submitted,
Defendants, A.T. Wall, Joseph Marocco,
And Melvin White

By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field #5809
Special Assistant Attorney General
Thomas A. Palombo
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 x 2380
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within Objection, first-class mail, postage pre-paid, on this 8 day of July, 2005 to those indicated below:

Stephen Reise
Post Office Box 8274
Cranston, RI 02920

Jay Elias, Esquire
Ratcliffe, Burke, Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Alan Tate, Esquire
Rebecca Warr, Esquire
Tate and Associates
321 South Main Street
Providence, Rhode Island 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**STEPHEN REISE**

v. C.A. No. 04-158 ML

**A.T. WALL**, Director of the
Rhode Island Department of Corrections, et al.

**ORDER**

This matter is before the Court on the motion of the plaintiff for leave to file a motion to exceed page limits in his objection to Wall, Marocco and White's motion for summary judgment. Plaintiff also seeks to file the objection in duplicate (as opposed to triplicate). After consideration of the motion,

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for leave of Court to file a motion to exceed page limits is **granted**;

2. Plaintiff's motion to exceed page limits is **granted**. Plaintiff's memorandum shall not exceed 35 pages and his exhibits shall not exceed 70 pages;

3. Plaintiff's objection to Wall, White, and Marocco's motion for summary judgment may be filed in duplicate; and

4. Finally, the Court, *sua sponte*, will permit the plaintiff to file -out of time- an **objection** to Wall, Marocco, and White's motion for summary judgment. Plaintiff's objection shall be filed on or before Monday, April 25, 2005. **No further extensions will be permitted**.

Jacob Hagopian
Senior United States Magistrate Judge
April 14, 2005

EXHIBIT
1

297

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN REISE PRO SE

VS. CASE NO. 04-0158 (ML)

ASHBEL T. WALL et. al.

**MOTION FOR LEAVE TO FILE INSTANTER, AND EXCEED THE PAGE LIMITATIONS BY SEVEN PAGES OF MEMORANDUM AND NINETEEN PAGES OF EXHIBITS OF THE FOLLOWING DOCUMENT: "PLAINTIFF STEPHEN REISE'S COUNTER MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT A.T. WALL, JOSEPH MAROCCO AND MELVIN WHITE'S MOTION FOR SUMMARY JUDGMENT"**

Now comes the plaintiff Stephen Reise, who as a pro se litigant can not consolidate this pleading or narrow it down any further, without creating a nugatory effect in its outcome, thus precluding me from meaningful access to the Courts and a meaningful ability to plea. As a pro se with a medical condition who took over a month to prepare the answer to the defendants summary judgment, it would be impossible for me to provide a consolidated response in nine days or by the 25th of April 2005. It would further subject me to an oppressing financial burden by having to refile copies with all defendants. If this Motion is denied I would ask that this Court reserve my right to appeal the April 14 2005 ORDER of Magistrate Hagopian concerning page limitations.

Wherefore, the pro se plaintiff Reise prays the Honorable Court will except the above response to defendants motion for summary judgment, (OBJECTION), and allow the memorandum to exceed the courts order of thirty five pages by seven pages and the exhibits by nineteen pages. Any less would preclude me from addressing numerous issues or presenting factual information to support such issues. Furthermore all defendants have been provided copies of the previous filed documentation already on March 12 2005.

The defendants attorneys are skilled professionals and trained in law. If their Summary judgments memorandum consists of thirty-six, (36) pages to properly address the issues in this case, then it should only be both judically fair and w[ithin]



EXHIBIT 2

reason that an inexperienced pro se may need additional pages, (7), in excess of the professional attorney's thirty-six, (36) pages to adequately answer each issue presented by the defendants.

Furthermore, as the plaintiff and non moving party opposing summary judgment, as the party with the burden of showing clear factual disputes of which a claim could go to trial involves showing evidence, affidavits ect. It would only seem logical that the person facing such burden may tend to show a need for entering more exhibits.

Respectfully,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02020

CERTIFICATION

I hereby swear upon penalty of purjury that this documentation was placed in the interdepartmental mailbox, postage pre-paid on this 18 day of April 2005, and sent to the persons below:

JAY ELIAS ESQ
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

MICHAEL FIELD/THOMAS PALOMBO
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN ST.
PROVIDENFCE RI, 02903

ALAN TATE/REBECCA WARR ESQ.
321 SOUTH MAIN ST.
PROVIDENCE, RI, 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN REISE

v. C.A. No. 04 - 158 ML

A.T. WALL, et al.

**MEMORANDUM AND ORDER**

Jacob Hagopian, United States Magistrate Judge

The Court is receipt of the Plaintiff's "Counter Motion for Summary Judgment and Response to Defendant A.T. Wall, Joseph Marocco & Melvin White's Motion for Summary Judgment." This instant filing is hereby **ORDERED** returned to the plaintiff due to his failure to comply with this Court's Order of April 14, 2005, limiting the page limits of his Memorandum to 35 pages and his appendices to 70 pages (plaintiff's memorandum is 42 pages; his appendix is 115 pages).

Moreover, Plaintiff's instant filing violates this Court's Order of February 1, 2005, prohibiting further motions from being filed without leave of the Court. Plaintiff has never sought, nor has been granted leave to file a "Counter Motion for Summary Judgment." Plaintiff must abide by the Rules and Orders of this Court, just as any other litigant.

**IT IS SO ORDERED.**

Jacob Hagopian
United States Magistrate Judge
April 26, 2005



EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT FOR RHODE ISLAND

Motola copy

STEPHEN REISE PRO SE

VS. CASE. NO. 04-0158(ML)

ASHBEL T. WALL, et. al.

FILED MAY 09 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

PLAINTIFF STEPHEN REISE'S OBJECTION TO MAGISTRATE HAPOPIAN'S APRIL 26 2005 AND REQUEST FOR REVIEW UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 72 (a)

Now comes the plaintiff, Stephen Reise who moves this court to appeal the decision of Magistrate Hagopian's April 26 2005 memorandum and order to a District Court Justice under the Federal Rules of civil Procedure Rule 72 (a)

Now comes the plaintiff who is acting pro se with an account of the travel and facts associated with this request to amend the judgment;

1) January 20 2005, defendants A.T. Wall, Joseph Marocco, and Melvin white filed a "Motion for Summary Judgment". Filed with this motion was also a "Motion to exceed the page limitations" and incorporate thirty-five (35) pages of memorandum and seventy (70) pages of exhibits which was GRANTED by this Court.

2) January 27 2005, plaintiff filed a "motion to deny or stay these summary judgements until my previously filed Rule 56 (f) motion was ruled on, which he never received an answer.

3) February 1 2005, Magistrate Hagopian filed an order stating no further motions shall be accepted by the clerk of the Court without leave of court.

4) February 17 2005, plaintiff filed for leave of court for an extension of time that I received no response to.

5) March 3 2005, plaintiff filed a second motion for leave for an extension of time in which to respond to defendants Motion for Summary Judgment.

6) March 7 2005, defendants responded to my motion of February 17 2005 of which I received no response and stated that the relief sought in that motion of a twenty one (21) day extension would expire March 10 2005. I am unaware if the defendants received an order that this February 17 2005 motion was granted, but I did not, thus the reason for filing the second March 3 2005 motion, in addition to additional time.

Denied. Mary M. Lisi USDJ 5/10/05



EXHIBIT 4

302