UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND Court

STEPHEN REISE PRO SE

V. CASE NO. 04-0158(ML)

ASHBEL T. WALL et al

PLAINTIFFS RESPONSE TO DEFENDANTS WALL, MAROCCO, AND WHITE'S OBJECTION TO PLAINTIFF'S "OBJECTION TO MAGISTRATE'S MEMORANDUM AND ORDER OF JUNE 13, 2005

Now comes the plaintiff Stephen Reise who objects to Mr. Field's allegation that my first response was filed on March 14 2005 and his statement, **"Reise did not file his response on March 10, 2005".** My filing as a prisoner falls under the MAILBOX RULE and within the protection of 28 USCA 1746. My documents should be considered filed the day they are placed in the interdepartmental mailbox regardless of what the docket sheet states as an unsworn declaration. The Plaintiff stands by his previously submitted objection above as to the facts below;

1) First response was filed on March 10 2005 considered the last day of filing by Mr. Field himself in his objection to an extension of time filed on 3 / 7 2005. The Plaintiffs response was within the twenty-one day extension filed 2 / 17 /2005.

2) Plaintiffs second response was filed 4 / 18 2005, and considered timely filed pertaining to the Courts ORDER entered 4 / 14 /2005, advising the plaintiff of a cut-off date to file my second response by 4 / 25 /2005

3) That the Plaintiff sought to solve the page limitation problem by motion in a timely manner with the submission of my second filing on 4 / 18 2005.

4) The motion for leave problem was attempted to be remedied on 5 / 2 2005, merely four (4) working days after the 4 / 26 /2005 ORDER was entered and clearly stated the nature of my problem for which my filing was refused in association with requesting leave.

However, plaintiff does agree with Mr. Field in the date that my Motion for review under Rule 72 (a) was denied on 5 / 10 / 2005, that I mistakenly stated was a May 5 2005 DENIAL in my petition to the Court of Appeals, when the documentation was actually DENIED on May 10, 2005.

Through a further review of my documentation, this court made reference to the February 1, 2005 order of filing motions without leave upon the returning of my first filed response through a March 15 2005 ORDER. An objection was timely filed as certified by unsworn declaration on March 18 2005. This objection clearly states my confusion as to why my response required "leave of court" to be filed. Also filed was a "Motion for leave of court to excced the page limits and to file response to summary judgment", which was granted on 4 / 14 /2005, but I was restrained to the same page amounts as the defedants skilled attorney's were granted upon a request by Motion on 1 / 20/2005. The plaintiff sought to resolve this matter by re-filing on 4 / 19 /2005, with "Motion to file instanter and to exceed the page limits...." The Pro se plaintiff has been diligent in his attempt in amending or using the Rules that are within his rights to review decisions that I believe to be unfair and my be questionable and worthy of review. Because I choose to have these decisions reviewed, Mr Field seems to think that because I feel I am within my right to review, that I "seek to set the court rules". Thereafter, Mr. Field goes on with his same dribble, manipulating my response when I state "I feel I am entitled to some leeway" as asserting it to mean that as an incarcerated inmate without counsel that I deserve special treatment as opposed to JOHNSON V. HILL, 910 Fsupp 218, stating Courts give pro se litigants more leeway in pleading and do not hold them to the same technical standards as trained lawyers.

I further object to Mr. Fields attempt to use my inexperience as intentional non-compliance and that by my seeking review as a claimed right of the subject matter of a decision that I perceive as questionable , that I am somehow setting the rules. It seems Mr. Field wishes me to give up my right to appeal the page limitation decision and seek further review, because it inconveniences him and doesn't fit into his plans.

After all it was Mr. Field who set the page amounts of which I am limited to, through the courts granting of his request by motion for specific page amounts back in January 2005. These limitations he requested are now being forced on the pro se. Furthermore, Mr. Field has been obliged by this court upon his request to receive a ruling on summary judgment, before my 1292(b) Motion has been ruled on, in which I sought a stay of proceedings pending appeal. It seems that Mr. Field has more experience in the ability to "set the court rules" than anyone. It seems the fact that I now question Mr. Fields ability to "set the Court rules" such as the page limitations and to see that his motions are responded to before my previously filed motions are answered, has created an attitude similar to the paradigm of "the boy who picks up his ball and goes home.", because he doesn't like the rules.

Wherefor, the plaintiff stands by his "Objection to Magistrate's Memorandum and Order of June 13 2005" as being compliant and diligent upon responding and towards correcting my mistakes, and within my rights to question decisions I believe are not judically fair or otherwise.

Respectfully,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

CERTIFICATION
28 USCA 1746

I hereby swear upon the penalty of perjury that a true copy of this documentation was mailed through the interdepartmental mail system, postage pre-paid, on this 14 day of July 2005, and mailed to the persons below;

JAY ELIAS ESQ.
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

MICHAEL FIELD
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

ALAN TATE ESQ.
321 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

FILED