**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN REISE** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. No. 04-158-ML** |
| **ASHBEL T. WALL, JOSEPH MAROCCO, SCOTT ALLEN, BARUH MATOLA, MEL WHITE, sued in their individual and official capacities** | : | |
| **Defendants** | : | |

**DEFENDANT SCOTT ALLEN'S OBJECTION TO PLAINTIFF STEPHEN REISE'S "OBJECTION TO THE REPORT AND RECOMMENDATION OF THE GRANTING OF SUMMARY JUDGMENT TO DEFENDANT SCOTT ALLEN"**

Defendant, Scott Allen, M.D., hereby objects to Plaintiff's "Objection to the Report and Recommendation of the Granting of Summary Judgment to Defendant Scott Allen." As grounds therefore, Defendant Scott Allen relies on the attached memorandum of law.

Defendant,
Scott Allen
By his Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 20 day of July, 2005, to the following:

Stephen Reise, Pro se
P.O. Box 8274
Cranston, RI 02920

Michael W. Field, Esquire
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

Alan P. Tate, Esquire
Jeffrey G. Latham, Esquire
Tate & Associates
321 South Main Street
Providence, RI 02903

Peggy Medagli

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN REISE** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 04-158-ML** |
| | : | |
| **ASHBEL T. WALL, JOSEPH MAROCCO, SCOTT ALLEN, BARUH MATOLA, MEL WHITE, sued in their individual and official capacities** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT ALLEN'S OBJECTION TO PLAINTIFF STEPHEN REISE'S "OBJECTION TO THE REPORT AND RECOMMENDATION OF THE GRANTING OF SUMMARY JUDGMENT TO DEFENDANT SCOTT ALLEN"**

Defendant, Scott Allen, M.D., hereby objects to Plaintiff's "Objection to the Report and Recommendation of the Granting of Summary Judgment to Defendant Scott Allen." (hereinafter "Objection"). Plaintiff simply reiterates the unpersuasive arguments made in his objection to Defendant Allen's Summary Judgment motion, raising no valid reason to consider disregarding Magistrate Hagopian's Report and Recommendation.

Magistrate Hagopian recognized the legal standard for a cognizable claim pursuant to 42 U.S.C. § 1983 in his June 2, 2005 Report and Recommendation:

> "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to find deliberate indifference, there must be more than a showing that a physician was negligent in diagnosing or treating a patient. *Id.* Such negligence, if present, does rise to the level of a Constitutional violation simply because the plaintiff is incarcerated. *Id.* Officials must intentionally delay or completely deny access to medical care. *Id.* at 104-105.

The Magistrate viewed all evidence presented in a light most favorable to the Plaintiff and concluded that Plaintiff has no evidence to sustain his claims. Plaintiff raises no additional arguments or evidence in his current Objection, nor should he be permitted to proffer such additional evidence following the close of discovery. Magistrate Hagopian's Report and Recommendations should be sustained.

The factual issues surrounding Plaintiff's February 26, 2004 letter to Dr. Allen have been extensively briefed by both parties in their respective Summary Judgment submissions. Plaintiff's current Objection simply restates his previous argument that his letter requesting parts is medical in nature. This position has already been repeatedly rejected by the Court. Plaintiff offers no new reason for the Court to reverse its position. As stated in the Report and Recommendation:

> On February 26, 2004, plaintiff wrote a letter to Dr. Allen, requesting to have certain parts of his CPAP machine replaced. In response, Dr. Allen wrote to the plaintiff on March 2, 2004 informing him that since he was only requesting replacement parts, and not medical treatment, he was referring the matter to Joseph Morocco, Associate Director of Health Services. Dr. Allen directed the plaintiff to contact him again if he file his medical needs were not being properly addressed. Plaintiff did not contact Dr. Allen again.
>
> Although Dr. Allen was aware of plaintiff's sleep apnea, plaintiff has not set forth evidence to demonstrate that Dr. Allen had any reason to believe that plaintiff's condition was not under control or that Dr. Allen know of any increase in plaintiff's symptoms due to the alleged delay in the replacement parts. Indeed, nowhere does the plaintiff indicate that his CPAP machine was not properly operating, resulting in an increase in symptoms. More importantly, no evidence presented indicates that Dr. Allen exhibited a reckless disregard to the plaintiff's medical needs.

The Court further recognized that in medical malpractice actions, the plaintiff must establish the appropriate standard of care and a deviation therefrom by presenting competent medical expert testimony. *Wilkenson v. Vesey*, 295 A.2d 676 (R.I. 1972). As stated by the Court:

> Here, plaintiff has failed to identify an expert to testify on his behalf, and failed to otherwise demonstrate that he possesses any evidence of the appropriate standard of care, any evidence indicating a deviation from the standard of care, or any evidence demonstrating causation to any injury. [citations omitted]. Without demonstrating that he possesses such evidence, plaintiff's medical malpractice claim cannot go forward. Accordingly, Dr. Allen's motion for summary judgment should be granted on plaintiff's medical malpractice claims. I so recommend.

Again, Plaintiff's current Objection raises no additional facts nor points out any additional concerns left unaddressed by the Court. The Court has applied the Summary Judgment standard reviewing all facts in a light most favorable to the Plaintiff and has determined that there is no issue of material fact necessitating trial. The Report and Recommendation directly addresses all of Plaintiff's contentions and declines to find any factual dispute. Plaintiff's current Objection raises no additional issues for adjudication and should be denied.

WHEREFORE, Defendant Scott Allen, M.D., respectfully requests that this Honorable Court deny Plaintiff's "Objection to the Report and Recommendation of the Granting of Summary Judgment to Defendant Scott Allen" and allow Magistrate Hagopian's June 2, 2005 Report and Recommendation to stand.

Defendant,
Scott Allen
By his Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 20 day of July, 2005, to the following:

Stephen Reise, Pro se
P.O. Box 8274
Cranston, RI 02920

Michael W. Field, Esquire
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

Alan P. Tate, Esquire
Jeffrey G. Latham, Esquire
Tate & Associates
321 South Main Street
Providence, RI 02903

Peggy Medaglia

*E:\CLIENT MATTERS\Reise v. Allen\Pleadings\Memo - Obj P's Obj to rpt and recomm re SJ.wpd*