UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND Court Org.

STEPHEN REISE PRO SE

VS. CASE NO. 04-0158(ML)

A.T. WALL et. al.

## OBJECTION TO REPORT AND RECOMMENDATION OF A DENIAL OF PRELIMINARY INJUNCTION ON JUNE 16, 2005

Now comes the plaintiff who first points to the fact that this preliminary injunction was filed on December 6, 2004, in which it took this court approximately six (6) months to respond. It should also be noted that a "Motion for this court to review retaliatory conduct of the Department of Corrections in violation of R.I.G.L. 11-23-3", filed November 30 2004, was never answered.

It seems convenient that this court could wait six (6) months until summary judgment was ruled on to find a reason for a denial. This reflects a dilatory stance, rather than addressing the issues when they were fresh, the Magistrate waited until the Report and Recommendation could be used for such denial. It should also be considered error that the Magistrate has assumed that his ruling will stand.

Accordingly the Magistrate further erred as the Report and recommendation he has relied on of June 13 2005, is based on procedural error and does not reflect the success, or otherwise, in relation to the merits of the case. "The likelihood of success on the merits" is the second part of the quadripartite test that the Magistrate has used to deny this preliminary injunction. The fact that it took six (6) months to rule on, has created an atmosphere that it was set aside awaiting a reason for which it could be denied. However, the Magistrate's Report and Recommendation of June 13 2005, in which the defendants Wall, Marocco and White have been recommended that summary judgment be granted, has failed to address the "Success on the merits", and is based on the procedural requirement of 42 USC 1997(e).

Wherefore, the Magistrate has relied on the following quote "Accordingly since the plaintiff has failed to surpass the summary

judgment hurdle, he has not shown a likelihood of success on the merits of the case", can not stand. ~~The~~ Magistrates use of "the plaintiff has failed to surpass the summary judgment hurdle" is not based on the success of the case on it's merit, thus the untimely response of a denial of this preliminary injunction can not stand. The summary judgment hurdle the Magistrate relies on, has nothing to do with, nor does it address, the likelihood that this case would not succeed based on the merits, here the hurdle of summary judgment has nothing to do with the case's success on the merits and is solely based on procedure. Furthermore part two (2) of the quadripartite specifically deals with the success on the merits of the case, here the Magistrate has used his granting of summary judgment as a reason to preclude relief. This granting of summary judgment may have a likelihood on the success of the case, however, has nothing to do with the "merits of the case" of which part two (2) specifically states is necessary for a denial of the Motion for preliminary injunctive relief upon a failure to demonstrate.

wherefore, the Magistrates use of his granting of summary judgment as a deciding factor or "hurdle" as a reason to preclude me from having "shown a likelihood of success on the merits of the case" in denying my preliminary injunction has no merit and clearly erroneous. Wherefore, the plaintiff prays the Honorable Court agrees that the June 13 2005 Report and Recommendation's granting of summary judgment to the defendants has no baring whatsoever in relation to the likelihood of success on the merits of the case and the decision must be reversed. Plaintiff respectfully requests for a prompt ruling on this preliminary injunction.

Respectfully,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

Prepared by,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

## CERTIFICATION
28 USCA 1746

I hereby swear upon the penalty of perjury that a true copy of this documentation was mailed through the interdepartmental mail system, postage pre-paid, on this 22 day of July 2005, and mailed to the persons below;

JAY ELIAS ESQ.
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

ALAN TATE ESQ.
321 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

MICHAEL FIELD
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN STREET
PROVIDENCE, RI, 02903