UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Court Original

**STEPHEN REISE PRO SE**

**V.**

C.A. NO. 04-0158(ML)

**A.T. WALL et. al.**

PLAINTIFF'S RESPONSE TO "DEFENDANT'S WALL, MAROCCO AND WHITE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE GRANTING OF SUMMARY JUDGMENT TO DEFENDANT'S WALL, MAROCCO AND WHITE"

Now comes the plaintiff who stands by his objection in that my timely filing of March 10 2005 was a response to the defendants summary judgment. I also do not dispute that they were returned for being in violation of Amended General Order 2002-01 and the Magistrate's February 1 2005 order, that no further motions be filed without leave of court. The plaintiff unaware of what the limits were of Amended General Order 2002-01 were, which was not available in our prison law library, on or about March 31 2005 sought permission to exceed its limitations problem in a timely fashion.

On or about April 17 2005, the plaintiff received the Magistrate's April 14 2005 order through the prison mail system. This order inter alia, stated that no further extension would be allowed and I would have until April 25 2005 to file my response/objection to the defendants summary judgment.

This ORDER allowed eight (8) days to completly rewrite and reduce my response which was not possible because of my limited ability to precisely plead and limited access to the Law library without a law pass. Finding it to be impossible to rewrite what took me a month to accomplish and condense my response within the time this court allowed of eight days and also left with the inability to request any further extensions, I was left with the only ultimatum of filing my response a second time while simul-

taneously seeking to remedy the reasons for which it was returned.

Thus the following Motion was filed "MOTION FOR LEAVE TO FILE INSTANTER, AND EXCEED THE PAGE LIMITATIONS BY SEVEN PAGES OF MEMORANDUM AND NINETEEN PAGES OF EXHIBITS OF THE FOLLOWING DOCUMENT: 'PLAINTIFF STEPHEN REISE'S COUNTER MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT A.T. WALL, JOSEPH MAROCCO AND MELVIN WHITE'S MOTION FOR SUMMARY JUDGMENT'". This motion sought both "leave of court" to file the enclosed documentation and also requested to "exceed the page limitations" as described in the courts April 14 2005 ORDER.

Not only did this court not allow me ample time to attempt to rewrite and reduce my response By leaving me witheight days from the time I received it's April 14 2005 ORDER and imposing an April 25 2005 deadline with no further extensions. They refused to take into account the issues I would be forced to leave unaddressed and the nugatory effect that would result from its reduction. Upon the return of my second filing on or about April 24 2005, a copy of the Amended General Order 2002-01 was appropriated to me which stated that under §2., that the proper course of action would have been to file my "Motion for leave to file instanter......" first, and not with my second attempted submission of my response. The fact that the court returned my second submission of my response without my "Motion for leave to file instanter......". led me to believe that the court was taking it into consideration. Furthermore the plaintiff is unaware why the defendants do not posess a copy of this filing that was mailed to them by the plaintiff. Amended General Order 2002-01 (2) states "the proposed memorandum shall not be filed unless and until the request is granted", thus by the Court returning my response and not returning my Motion which addressed the "leave of court" and "exceeding the page limitations" issues, led me to believe the court was going to rule on it.

In all actuality my second response requested both for "leave of court" and to "exceed the page limitations" for which my response was refused. The plaintiff facing the impossibility of rewriting and reducing his response within eight days or by April 25 2005, followed the only practical course of action or available remedy of seeking to correct or remedy the reasons my filings were refused.

It should be noticed that during the course of this litigation the defendants never referenced the line spacing of my legal documentation. Only until it became convenient or it could be used as a tactical advantage in precluding the submitting of my response has the defendants raised this issue.

The defendants further reference IN RE M.S.V.,INC., 892 F2d 5, in which the writer of the brief was not "Pro se", as is the case presently before the court. The above underlined case goes on to state that "shorter briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them". In this case a skilled attorney wrote this brief upon requiring additional pages in which the court found that "the extra length was unnecessary and did not help". This case points to parties who have the ability to perfectly plead issues and are held to the rules of heightened pleading and not a pro se, who are extensively precluded from being held to heightened pleading and known for their inability to inartfully plead. This attorney was fined for not using the skills he possessed, the defendants are asking that I be sanctioned through the page limitations and whatever means are available for skills I do not possess. If counsel was appointed in my case it is very likely that skilled counsel could compress or reduce what has happened down to the precise legal issues and why the law supports them. Wherefore, this case has nothing to do with holding the pro se to the same page limitations as skilled attorneys who have basically set these limitations based on their ability to plead the issues.

The defendants never complained about the type spacing until after they were aware I had trouble meeting the page limitations problems, talk about waiting to see which way the wind was blowing, and had this matter been of interest to them prior, they would and should have sought to challege the matter much earlier in this litigation. I am seeking a review of an abuse of discretion in that the page limitations imposed by this court are judically unfair to a pro se litigant. I am appealing the denial of a motion for review in which a District Court Judge refused to allow me to excceed as a pro se litigant to exceed the page limitations ordered by a

Magistrate and according to the argument set forth, the District Court Justice's decision to deny my motion on the grounds that were presented in my Motion for Review, is an abuse of discretion. The Motion for Review clearly stated under section 1., that the defendants requested certain page limitations which were granted by this Court. Section 13., then goes on to state that these same page limitations were being forced upon the pro se litigant. This information reflects that the defendants set the page limitations through the granting of the defendants request by motion. Not only does this information reflect the defendants have set the page limitations, but set them on their ability to plead the issues. The conduct of allowing a Magistrate to force these same limitations upon a pro se under the above described conditions is an abuse of discretion worthy of review. The fact that the defendants now bring up line spacing to aid in the defense of the behavior I claim is an abuse of discretion should be of little relevance. Had the defendants addressed this line spacing issue before my response of summary judgment was written or anytime prior it could be considered an available defense. However, the defendants never referenced throughout this litigation and had almost a full year to raise this issue, but chose not too, thus this issue should not be considered.

The torturous travel of having to repeat myself while Mr Field turns a blind eye and a deaf ear to the forcing of a pro se to the same page limitations which were set by the defendants attorneys on their ability to plead the issues as possibly being judicially unfair and a abuse of discretion and worthy of review, and the line spacing which was never complained of prior, should not be taken into consideration and would amount to changing the rules.

In furtherance, by the defendants admonition that I have every right to seek review, by its very own terms, 28 USC 1292(b) states that "Application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order". The defendants state that I turned a blind eye to this provision, however, this is far from the truth. I submitted an order for permission to Appeal under 1292(b) on May 23 2005. This Order specifically requested that a stay of proceedings pending appeal be granted.(Emphasis added). Accordingly, I did not turn a blind eye, but instinctively sought

a stay pending appeal by a district court justice over two months ago. The fact that this court has not ruled on it or failed to rule on it, is the only reason the defendants can say they have not received such ORDER. Furthermore, this failure to rule on this order by the Court has allowed the defendants to obtain a favorable ruling on summary judgment through the Magistrates re-port and recommendation.

**ADMINISTRATIVE REMEDIES**

The defendants in their defense cite **PATERSON-LEITCH INC. V MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC CO.,** 840 F2d 985,990, 991. This case is not a case in which a response to summary judgment was refused. This court is aware that the refusal of my response was the reason the argument was not presented to the Magistrate in the first place. Wherefore, in the above underlined case "the argu-ment upon which Palco, (appellant), belatedly places such stock could have been, but explicibly was not, presented to the Magistrate in the first instance. The appellant is not entitled to yet another nibble at this particular apple"

In the defendants citing of PATERSON SUPRA, the defendants fail to acknowledge that the appellant could have raised his argument previously, unlike the plaintiff Reise in the instant case before us. In the case before this court, my response was refused before I could cure its inadequacies, wherefore Reise never caught a glimpse of the apple, as opposed to a first bite or a second nibble. In the above underlined case the circumstances are completely different grounds in the courts findings that there was no abuse of discretion made. In the instant case My argument could not have been previously raised, unlike Palco of PATERSON SUPRA.

The defendants attempt to manipulate section 5. of the hand-book in asking the court to construe its meaning out of context by referring to it pursuant to its actual text that "a grievance must be signed only by the superior officer accepting the grievance" , in hopes of convincing this court that the grievance coordinator and the superior officer the handbook speaks of are one in the same.

However, section 5. states, "superior officer accepting the grievance must sign and date in the margins of the form". This re-flects that any superior officer can accept the grievance and is

also evidenced by the grievance form itself as it specifically states "Staff Member Signiture". If the court will take notice, the defendants fail to acknowledge Section 7. of the Handbook which states "Superior officer will forward the three remaining copies to the facility Grievance coordinator." Thus because the handbook does not refer to the "Superior Officer" being of anyone in particular, then it can only be interpreted as any superior officer. What we do know for sure is through the meaning of section 7. of the inmate handbook, the superior officer and the grievance coordinator are not one in the same. What is further clear is not only is the superior officer responsible for signing and dating the grievance, as well as accepting the grievance, he is responsible for forwarding or submitting the remaining copies to the grievance coordinator.

The fact that the deputy warden would not sign my grievance and directed me to procedures outside the prison handbook, led me to believe they were being facetious. The fact that they had the ability to call Lieutenant Flynn and advise him I was coming to see him directly from the dining room after speaking with the lieutenant and deputy warden and chose not to do so, further led me to believe I was not being taken seriously.

However I followed their instructions in which I was told by an officer that Lieutenant Flynn was unavailable. The next day I tried again sacrificing my library time to find the lieutenant who was again unavailable. At this time I felt I was purposely misled by both the prison handbook and the staff.

Wherefore the defendants Memorandum of law is baseless and meritless in relation to this case and the authorities they cite are based on completely different grounds and different situations. The plaintiff stands by his objection in "that a prisoner who relies on prison officials representation as to the correct procedure has exhausted." CROSWELL V. MCCOY, 2003 WL 962534 at 4, and its further finding that the failure to inform prisoners about remedies existence or their availability or operation have made them unavailable, which is one of several cases in my objection that are not based on the lesser standard review used in ruling on a motion to dismiss. Thus the defendants granting of summary judgment can not stand and pray this honorable court agrees and reverse this decision.

Prepared by,

STEPHEN REISE PRO SE
P.O. BOX 8274
CRANSTON, RI, 02920

## CERTIFICATION
## 28 USCA 1746

I hereby swear upon the penalty of perjury that a true copy of this documentation was mailed through the interdepartmental mail system, postage pre-paid, on this 4 day of August 2005, and mailed to the persons below;

JAY ELIAS ESQ.
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

ALAN TATE ESQ.
321 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

MICHAEL FIELD
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN STREET
PROVIDENCE, RI, 02903