**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND** Court Original

**STEPHEN REISE PRO SE**

**VS.** **CASE NO. 04-0158(ML)**

**ASHBEL T. WALL et. al.**

**MOTION FOR LEAVE FOR A**

**MOTION FOR AN ORDER FROM THE COURT TO ENFORCE THE D.O.C. TO PROVIDE COPIES TO THE PLAINTIFF WHEN THE COPY MACHINE IS OUT OF SERVICE**

Now comes the plaintiff who raises the issue of his inability to obtain copies. This issue should be nothing new to this court as the breakdowns of the only copy machine that is accessable to inmates to copy legalwork have been frequent and lengthy.

The plaintiff has advised this court of breakdowns in the following filings; August 23 2004, August 27 2004. September 7 2004, September 16 2004, November 17 2004. November 6 2004, I asked that this Court order the D.O.C. to sign off when the copy machine was out of service so that I could record how frequently that these breakdowns occurred and the effect that this had on my ability to litigate. On November 30 2004 this motion was denied.

On November 8 2004. this court entered an ORDER stating the plaintiff should make arrangements with the D.O.C. to photocopy necessary documents after the plaintiff indicated that he had no access to a copy machine due to it being out of service. The D.O.C. provided a procedure to submit legal work to counselors and they would in turn provide copies the next day. The copy machine has been out of service since August 10 2005 until present and on several occassions before this.

On August 12 2005, I approached my counselor Keri Skwirtz and requested copies at my expense and was refused. I advised her that the copy machine was out of service and I was told to "file an extension with the court" or wait until the copy machine is fixed. I explained that an extension in my case would not remedy my problem and her response was "OH WELL!". The filings I needed to make are under F.R.A.P. RULE 27(b), for "Emergency Relief", of which necessitates prompt and advance notice to the clerks office as a prereq-

uisite to its use and benefit.

First, even motions for extensions of time may need to be copied depending on the amount of parties . Secondly, this court should not bare the burden of answering extensions for a problem that has existed for a year now. The constant monthly breakdowns of the copy machine should not be burdened upon the court when a remedy is available here at the D.O.C. of which they simply no longer wish to provide. It further prejudices the parties to the litigation itself and amounts to impeding and obstructs and delays the litigation of the plaintiff and other parties.

In furtherance, as stated in CANNEL V. BRADSHAW, 840 FSUPP at 1392 states, "allowing inmates to pay for and receive photocopies of legal materials required by courts is part of the meaningful access to the courts to which inmates are constitutionally entitled under BOUNDS V. SMITH, 430 U.S. 817." It is known that BOUNDS has been superceded by CASEY V. LEWIS, 135 Led2d 606, but it has not effected the photocopying of legal material as stated in BOUNDS as quoted in CANNEL SUPRA.

In LEWIS V. CASEY, 43 F3d at 1279, 1280, it was found that, "ADOC must provide the necessary copies of eligable legal papers and court related documents within 48 hours of a request by a prisoner, this period must be less if necessary to meet a legal deadline." In CASEY V. LEWIS, 43 F3d at 1272, the District Court of the District of Arizona's court ORDER, lists the practices and procedures set out in several areas raised in that particular litigation to achieve being of Constitutional mandate, such as the underlined above. What is equated as constitutional in Arizona should be equated as constitutional in Rhode Island. To my knowledge the power and reach of the protections of the constitution do not weaken when applied from West to East.

It should be noted the Counselor Keri Skwirtz stated she was told she was no longer obligated to provide copies and was told to tell inmates to file for extensions. This clearly shows that this is also the acts of her superiors. Wherefore, the Plaintiff requests that this Court ORDER the D.O.C. to provide a means of obtaining copies when the only available copy machine for inmates use to copy legal work is out of service. That this Court impose sanctions for the violation of my rights under BOUNDS AND CASEY SUPRA, and Article 1, Section 5 of the Rhode Island Constitution and this

Courts order of November 8 2004. The plaintiff has complained of obtaining copies for a year and while under the scrutiny of this Court they knowingly, blatently and wontonly continue these brazen acts of defying the plaintiff's rights under the courts knowledge. The plaintiff requests that Sanctions be imposed for these acts and any future acts related to my inability to acquire copies and reserves his right to file formal suit in this issue and for any further actual harm that may develope as a result of the conduct complained of, or any future denials of copies.

Respectfully,

Stephen Reise Pro Se
P.O. BOX 8274
CRANSTON, RI, 02920

**CERTIFICATION**

I hereby swear upon penalty of purjury that this documentation was placed in the interdepartmental mailbox, postage pre-paid on this 17 day of August 2005, and sent to the persons below:

JAY ELIAS ESQ
1600 FINANCIAL PLAZA
PROVIDENCE, RI, 02903

MICHAEL FIELD/THOMAS PALOMBO
ATTORNEY GENERALS OFFICE
150 SOUTH MAIN ST.
PROVIDENFCE RI, 02903

ALAN TATE/REBECCA WARR ESQ.
321 SOUTH MAIN ST.
PROVIDENCE, RI, 02903