USDC RI
Judge Lisi
04-00158

**MANDATE**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2451

STEPHEN REISE,

Plaintiff, Appellant,

v.

A.T. WALL, ET AL.,

Defendants, Appellees.

---

Before

Selya, Lynch, and Howard, Circuit Judges.

---

JUDGMENT

Entered: August 22, 2006

Stephen Reise has appealed the district court's grant of summary judgment in favor of the defendants. We have reviewed the parties' briefs and the record on appeal. Upon de novo review, see Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006), we affirm, essentially for the reasons stated in the Reports and Recommendations by the magistrate judge, dated June 2 and June 13, 2005, which the district court adopted in its Memorandum and Order, dated August 19, 2005.

We separately address here only Reise's challenges to the manner in which the district court processed his case. A district court has wide discretion in case management decisions. See Poulin v. Greer, 18 F.3d 979, 986 (1st Cir. 1994). Although Reise complains that the district court failed to rule or failed timely to rule on certain of his motions, the record evidences extensive filings by all parties and a district court that was actively engaged in moving the case forward. The record is also clear that any purported delay or failure on the court's part to rule on a motion was not the cause of Reise's losing effort below. Further,

we reject, as unsupported by the record, Reise's contention that he was subjected to unfair and one-sided discovery.

Finally, there was no abuse of discretion in the various district court rulings of which Reise now complains, to wit, holding Reise to the same enlarged page limits as opposing counsel and denying a protective order, in forma pauperis status, appointment of counsel, and appointment of an expert witness. We note, in particular, that Reise misapprehends the role of a court-appointed expert witness. Although appointing an expert witness is "rare under virtually any circumstances," the court has discretion to appoint an expert witness when "the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure, § 6304 (1997). The court correctly concluded that this was not such a case. Further, a court-appointed witness is the *court's, not the party's* witness, i.e., he provides the trier of fact with a *neutral* viewpoint, often to resolve conflicts between the parties' expert witnesses. Id. Thus, contrary to Reise's apparent desire and belief, Fed. R. Evid. 706 does not contemplate that the court would appoint an expert witness *to advocate as a party's expert* and does not absolve a party from producing sufficient evidence to move his case forward. Reise had an obligation to put forward some basis to suggest that an expert could support his claim; notwithstanding Reise's claim of limited financial means, it is not the district court's obligation to seek and retain an expert who supports the complaint's allegations.

The judgment of the district court is affirmed.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

M. Reuel

Deputy Clerk

Date: 9/13/06

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk.

[cc: Stephen Reise, Thomas Palombo, AAG, Michael Field, AAG, Jay Elias, Esq., Jeffrey Latham]